Chief Judge Desmond (concurring).
I join in Judge Froessbl’s opinion for affirmance but I would go further.
I would hold that the alleged error in refusing to accept evidence as to the sale of other publications was not presented either to the Appellate Division or to this court. Defendant Finkelstein mentioned no such matter in his brief in either court. Defendant Schaeffer at one point in his brief in each court *306 included in a list of alleged issues that: ‘ ‘ The court refused to accept evidence of community standards.” However, this “ issue ” was not only not argued in the Schaeffer brief in the Appellate Division or in this court but was not otherwise mentioned in either brief. The prosecutor, finding in defendants’ briefs no further presentation of the “ point ”, paid no attention to it.
If the question were before us I would agree with Judge Fboessbl that there was no error. These books were obscene by any conceivable objective test and it could not be a defense to their sale, or otherwise relevant, that some other publications of vaguely similar content were being sold at other shops in New York City. All three opinions of this court in People v. Richmond County News (9 N Y 2d 578) seem to agree that if a publication is on its face and without doubt obscene its sale may be punished criminally regardless of how many other people sell it or buy it. Judge Fuld’s opinion in Richmond County News tells us that the test of the obscene “ is not in the tendency or appeal of the material, but rather in its content objectively appraised” (p. 587). The concurring opinion for reversal in that case says that a conviction may stand if the book or magazine includes “ the extreme form of gross and all-intentioned sexuality which American statutes and courts may constitutionally punish as criminal ’ ’ and that 11 The inquiry for the court, therefore, is whether the publication is so entirely obscene as to amount to ‘ hard-core pornography ’ ” (p. 589). The dissenting opinion in Richmond County News refers (p. 592) to ‘ ‘ material which all would concede is shockingly and unquestionably obscene ” and “ which the average person would unhesitatingly condemn as obscene and lewd ”. The writers of those three opinions were all saying the same thing, that is, that there are publications so vile that no contemporary standards anywhere could justify them. The same thought was expressed by the United States Supreme Court’s opinion in Kingsley Books v. Brown (354 U. S. 436, 440) where the court referred to “ the primary requirements of decency” and to booklets “incontestably found to be obscene ”. Where there is conclusive proof of the sale of that sort of thing by one who knows what he is selling, it is absurd for the court to take proof from either party of other sales of other dirty books by other vendors. *307 In borderline or arguable cases there may be a right in prosecution or defense, or both, to use testimony of qualified persons but I assume we are leaving that question open despite what appears to be a holding of this court in 1884 in People v. Muller (96 N. Y. 408, 412) that opinion evidence is not receivable on an issue of obscenity or no. First Amendment considerations, so exhaustively litigated in recent years in obscenity cases, were not even mentioned in the Muller opinion and the constitutional and other aspects of the law of obscenity have been extensively revised in the intervening years.
I would vote to affirm.